Judy A. CIMAGLIA, et al., Plaintiffs,

v.

Richard S. SCHWEIKER,[1] Secretary of Health and Human Services, Defendant.

No. 78–6353–CIV–JCP.

United States District Court, S.D. Florida.

Jan. 12, 1983.

---

1. Richard S. Schweiker has succeeded Patricia R. Harris (successor to Joseph A. Califano, Jr.), as Secretary of Health and Human Services (prior to May 4, 1980, the Department of Health, Education and Welfare), and, pursuant to 42 U.S.C. § 405(g) (1976), the appropriate substitution has been made.

Alexander J. Rering, Legal Aid Service of Broward County, Inc., Lighthouse Point, Fla., for plaintiffs.

Stanley Ericsson, Baltimore, Md., for defendant.

## ORDER

PAINE, District Judge.

The issue presented in this case is whether portions of Section 202(d)(5) of Title II of the Social Security Act, 42 U.S.C. § 402(d)(5), and the regulation promulgated thereunder, 20 CFR § 404.352(b)(2),[2] are unconstitutional. The challenged portions of the statute and regulation provide that when a woman who is entitled to Child's Disability Insurance Benefits is married to a man who is also entitled to such benefits, her entitlement will end when his entitlement ends by reason of his recovery from his disability. While the woman's benefits end, the statute and regulation provide that when a man who is entitled to Child's Disability Insurance Benefits is married to a woman who is also entitled to such benefits, his entitlement will not end when her entitlement ends by reason of her recovery from her disability.

**2.** At the time plaintiff filed her motion for summary judgment, the applicable regulation was 20 C.F.R. § 404.321(c).

**3.** As plaintiff's class has been certified as a nationwide class (*See* this Court's Order of

The case now comes before the Court on plaintiff's motion for summary judgment[3] and defendant's motion for affirmance of the Secretary's decision.

### I.

There is no dispute as to any material fact in this case: In January, 1964, plaintiff became entitled to Child's Disability Insurance Benefits on the earning record of her father. She turned eighteen years old in December, 1964. However, since she suffered a disability she continued to receive benefits on her father's earning record. 42 U.S.C. § 402(d)(1)(B)(ii). In August, 1967, plaintiff married Alfred Cimaglia, who was also disabled. Although marriage usually terminates these benefits, plaintiff's benefits were continued under 42 U.S.C. § 402(d), which provides that when a disabled child married another disabled child, his or her benefits will continue as long as the spouse's disability continues. 42 U.S.C. § 402(d)(5).

In 1969, Alfred Cimaglia began working. Consequently, it was determined that he was no longer disabled because he was engaging in substantial gainful employment. Plaintiff's entitlement to benefits on her father's account terminated when her husband's entitlement on his father's account terminated, effective July, 1969.[4] 42 U.S.C. § 402(d)(5), 20 C.F.R. § 404.352(b)(2). If it had been determined that plaintiff was no longer disabled, the termination of her benefits would not have resulted in the termination of her husband's benefits.

Plaintiff has properly exhausted all of her administrative remedies and the issue is properly before the Court under 42 U.S.C. § 405(g).

### II.

Section 402(d)(1) of Title 42 provides generally for entitlement to Child's Disability

January 10, 1983). This ruling applies to all the members of the class so defined.

**4.** The determination to terminate plaintiff's benefits was not made until 1976.

Insurance Benefits on the account of an injured parent who dies, retires or becomes disabled. Section 402(d)(1)(D) provides that an individual receiving Child's Disability Insurance Benefits loses his or her entitlement to such benefits if he or she marries. Section 402(d)(5) provides an exception for when the marriage is to another recipient of, *inter alia,* Child's Disability Insurance Benefits. The pertinent language reads:

> (5) In the case of a child who has attained the age of 18 and who marries—
> (a) An individual entitled to benefits under subsection (a), (b), (e), (f), (g), or (h), of this section or under § 223(a) [42 U.S.C. § 423(a)], or
> (B) Another individual who has attained the age of 18 and is entitled to benefits under this subsection, then SUCH child's entitlement to benefits . . . shall, . . . not be terminated by reason of such marriage; except that, in the case of such a marriage to a male individual entitled to benefits under § 223(a) [42 U.S.C. § 423(a)] or this subsection, the preceding provisions of this paragraph shall not apply with respect to benefits for months after the last month for which such individual is entitled to such benefits . . . .

The regulation promulgated to give effect to the above statute, 20 C.F.R. § 404.-352(b), reads, in part:

> Your entitlement to benefits ends with the month before the month in which one of the following events first occurs: . . . (2) You marry. Your benefits will not end if you are 18 years old or older, disabled, and you marry a person entitled to child's benefits based on disability or a person entitled to old-age, divorced wife's, divorced husband's, widow's, widower's, mother's, father's, parent's, or disability benefits. If you are a woman entitled to child's benefits based on disability and you marry a man entitled to either child's benefits based on disability or disability benefits and he recovers from the disability, your benefits will end with the same month as his benefits end.

The Social Security Act includes no similar provision, and the Secretary has promulgated no regulation, that would terminate a disabled husband's entitlement to Child's Disability Insurance Benefits due to termination of his wife's entitlement to such benefits by reason of her recovery from her disability.

## III.

The challenged portions of the Act and the regulation promulgated thereunder include a classification based upon gender. The parties have correctly directed the Court to the applicable test in *Califano v. Webster,* 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977):

> To withstand scrutiny under the equal protection component of the Fifth Amendment's Due Process Clause, "classifications by gender must serve important governmental objectives and must be substantially related to achievement of those objectives". *Craig v. Boren,* [429 U.S. 190] 97 S.Ct. 451, 457 [, 50 L.Ed.2d 397] (1976). *Id.* at 97 S.Ct. 1194.

■ The burden is on those defending the discrimination to demonstrate that the challenged provisions serve an important governmental interest and are substantially related to the achievement of that objective. *Wengler v. Druggists Mutual Insurance Co.,* 446 U.S. 142, 100 S.Ct. 1540, 1546, 64 L.Ed.2d 107 (1980).

Defendant incorrectly argues that it is part of plaintiff's burden to demonstrate that the challenged provisions fail to meet the applicable standard. Moreover, the Secretary admits that he "has no knowledge of factors which tend either to support or to invalidate the challenged provision." Defendant's Memorandum in Support of Affirmance and in Opposition to Plaintiff's Motion for Summary Judgment, p. 7). Apparently, the Secretary has done extensive research into the legislative history of these provisions and has found no rationale for this distinction based upon gender—much less facts or statistics to support any valid rationale.

■ This Court concludes then that the Secretary has failed to justify the gender

based discrimination found in the statute and regulation and that, in their present form, they violate equal protection. The statute and regulation discriminate against the plaintiff and those similarly situated, that class having been certified by this Court's order of January 10, 1983.

### IV.

 Having concluded that the statute and regulation violate the Equal Protection Clause, the next issue concerns the appropriate remedy. On this issue, the Supreme Court has provided some guidance in *Califano v. Westcott*, 443 U.S. 76, 99 S.Ct. 2655, 2663–2664, 61 L.Ed.2d 382 (1979):

> "Where a statute is defective because of under-inclusiveness", Mr. Justice Harlan noted, "there exists two remedial alternatives: a Court may either declare [the statute] a nullity in order that its benefits not extend to the class that the legislature intended to benefit, or it may extend the coverage of the statute to include those who are aggrieved by the exclusion." *Welsh v. United States,* 398 U.S. 333, 361 [, 90 S.Ct. 1792, 1807, 26 L.Ed.2d 308] (1970) (concurring opinion). In previous cases involving equal protection challenges to under-inclusive federal benefits statutes, this Court has suggested that extension rather than nullification is the proper course. See e.g., *Jimenez v. Weinberger,* 417 U.S. 628, 637–638 [, 94 S.Ct. 2496, 2502, 41 L.Ed.2d 363] (1974); *Frontiero v. Richardson,* 411 U.S. 677, 691, [93 S.Ct. 1764, 1772, 36 L.Ed.2d 583] and Note 25, (1973) (plurality opinion). Indeed, this Court regularly has affirmed District Court judgments ordering that welfare benefits be paid to members of an unconstitutionally excluded class. [citations omitted].

Additionally, the presence of a strong severability clause, 42 U.S.C. § 1303,[5] suggests extension of benefits to the excluded class, "for it evidences a congressional intent to minimize the burdens imposed by a declaration of unconstitutionality upon innocent recipients of government largesse." *Westcott,* 99 S.Ct., at 2264.

On these grounds, this Court concludes that the appropriate remedy is to extend the benefits to the women who have been constitutionally excluded.

Accordingly, it is

ORDERED and ADJUDGED that:

1) plaintiff's motion for summary judgment (DE 37) is granted: plaintiff shall file within fifteen (15) days of this order an appropriately drafted Final Judgment order; and,

2) defendant's motion for affirmance (DE 39) is denied.

---

**5.** "If any provision of this chapter, as the application thereof to any person or circumstance, is held invalid, the remainder of the chapter, and the application of such provision to other person or circumstances shall not be affected thereby." 42 U.S.C. § 1303.